**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| VINCENT BOVOSO, </br></br>Plaintiff, </br></br>v. </br></br>OCWEN LOAN SERVICING, LLC, </br></br>Defendant. | ) Case No.: </br>) </br>) **COMPLAINT FOR DAMAGES** </br>) </br>) </br>) </br>) </br>) **JURY TRIAL DEMANDED** </br>) </br>) </br>) </br>) |

## COMPLAINT

VINCENT BOVOSO ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against OCWEN LOAN SERVICING, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Camp Hill, Pennsylvania 17011.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a corporation with its principal place of business located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that he has had for at least six years.

11. Plaintiff has only used this number as a cellular telephone number.

12. By way of background, Defendant began calling Plaintiff in or around 2011.

13. In or around late 2011 or early 2012, Plaintiff told Defendant to stop calling, revoking any consent Defendant may have had to call Plaintiff on his cellular telephone.

14. Thereafter, and specifically within the four-year time period preceding the filing of this Complaint, Defendant continued to call Plaintiff on his cellular telephone on a repetitive and continuous basis.

15. When contacting Plaintiff on his cellular telephone within the four year period preceding the filing of this Complaint, Defendant used an automatic telephone dialing system and/or pre-recorded messages.

16. Plaintiff knew that Defendant's calls were automated as the calls began with a recording that announced Defendant's name prior to speaking to Defendant's representatives.

17. Defendant's telephone calls were not made for "emergency purposes."

18. On multiple occasions within the four-year period preceding the filing of the Complaint, Plaintiff reiterated his request for calls to cease.

19. Plaintiff's most recent request for calls to cease was in late 2017.

20. Despite these numerous requests Defendant continued to call.

21. Plaintiff found Defendant's calls to be upsetting, aggravating, disruptive and intrusive to him.

22. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice.

25. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for "emergency purposes."

27. Defendant's calls to Plaintiff within the four year period preceding the filing of this Complaint were made after Plaintiff had explicitly revoked any consent that was previously given.

28. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, VINCENT BOVOSO, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, VINCENT BOVOSO, demands a jury trial in this case.

                                        Respectfully submitted,

DATED: October 19, 2018          By: */s/ Amy L. Bennecoff Ginsburg*
                                                    Amy L. Bennecoff Ginsburg, Esq.
                                                    Kimmel & Silverman, P.C.
                                                    30 East Butler Pike
                                                    Ambler, PA 19002
                                                    Telephone: (215) 540-8888
                                                    Facsimile (215) 540-8817
                                                    Email: aginsburg@creditlaw.com
                                                    Attorney for Plaintiff